UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GLEN A. SHARKANY,<br>　　Plaintiff,<br><br>v.<br><br>MR. COLLETTE,<br>　　Defendant. | :<br>:<br>:<br>: Case No. 3:21-cv-589 (MPS)<br>:<br>:<br>:<br>: |

**INITIAL REVIEW ORDER**

On April 29, 2021, Plaintiff Glen Sharkany, an inmate currently confined at the Department of Correction ("DOC") Osborn Correctional Institution ("Osborn") in Connecticut, brought this complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983, alleging violation of the Eighth Amendment and other claims against Mr. Collette, Addiction Services Counselor. Compl. (ECF No. 1).[1] On May 7, 2021, he filed an amended complaint against Collette, alleging violation of federal and state antidiscrimination law, deprivation of access to DOC programming, and state law claims of defamation and slander. Am. Compl. (ECF No. 7). Because Plaintiff seeks damages and injunctive relief, the Court construes his claims as being brought against Collette in his individual and official capacities. *See id.* at 6.

For the following reasons, the Court will dismiss the complaint without prejudice.

**I. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915A, this court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient

---

[1] The Court may "take judicial notice of relevant matters of public record." *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012). Sharkany is currently serving a six-year sentence imposed on May 9, 2019 for a violation of probation. *See* the publicly-available DOC website at

facts to afford Defendant fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. ALLEGATIONS

Plaintiff's allegations are few and difficult to discern.

Defendant Collette removed Plaintiff from the Tier-4 Program based on a false excuse; Collette was discriminating against Plaintiff based on Plaintiff's 2008 sexual assault charge under Connecticut General Statutes § 53a-70b (sexual assault in spousal or cohabiting relationship). Am. Compl. at 5. Plaintiff claims he never violated any prison rules or program stipulations and had no peer mentor write-ups *Id.* at 6. He claims that he is being deprived of access to programming that all DOC inmates are entitled to in order to better themselves. *Id.*

## III. DISCUSSION

Plaintiff's complaint asserts violation of unspecified federal antidiscrimination statutes. However, Plaintiff has not alleged what federal antidiscrimination laws were violated, and the

---

http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=174822.

court does not have sufficient information to determine the statutory violation. Accordingly, Plaintiff's claim that Collette violated federal antidiscrimination statutes is dismissed as not plausible.

Plaintiff's allegations (although not entirely clear) suggest Fourteenth Amendment equal protection concerns because he indicates that he is being deprived of participation in DOC programming, presumably the Tier-4 Program, which, he alleges, all DOC inmates are entitled to in order to better themselves. *See* Am. Compl. at 6.

A plaintiff must allege facts to establish the personal involvement of a defendant in an alleged constitutional violation to hold that defendant liable for an award of damages under § 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). To "hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020

To state an equal protection claim, a plaintiff must allege facts showing that: (1) he was treated differently from similarly situated individuals and (2) that the discriminatory treatment was based on "'impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980).

When a suspect classification is not at issue, the Equal Protection Clause still requires that individuals be treated the same as "similarly situated individuals." *Fortress Bible Church v. Feiner,* 694 F.3d 208, 222 (2d Cir. 2012). Thus, a plaintiff may bring a "class of one"

3

equal protection claim "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). In the Second Circuit, class-of-one plaintiffs "must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Clubside v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006) (citation omitted). The high degree of similarity between the plaintiff and comparators justifies "an inference that the plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose—whether personal or otherwise—is all but certain." *Witt v. Village of Mamaroneck*, No. 12-CV-8778 (ER), 2015 WL 1427206, at *5 (S.D.N.Y. Mar. 27, 2015), *aff'd*, 639 F. App'x 44 (2d Cir. 2016) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Plaintiff has not alleged membership in a suspect class and prisoners in general are not a suspect class. *See Graziano v. Pataki*, 689 F.3d 110, 117 (2d Cir. 2012). Thus, to the extent he asserts an equal protection claim, Plaintiff must proceed under a class of one theory and demonstrate the existence of a person who is "prima facie identical" to him or her and who was treated differently. *Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (internal quotation marks and citation omitted).

Here, Plaintiff has not alleged facts indicating that any comparators were so similarly situated that there is no rational reason for the differential treatment. Accordingly, Plaintiff's allegations do not raise an inference that Plaintiff was intentionally singled out for reasons that so lack any reasonable nexus with a legitimate governmental policy that an improper purpose is

all but certain. To the extent that Plaintiff intends to assert an equal protection claim, such claim must be dismissed as not plausible.

### Official Capacity Claims

Plaintiff seeks injunctive orders (1) to order Collette to be terminated from DOC and ban him from any state funded agency or program, and (2) to provide Plaintiff with a peer mentor job in the Tier 4 New Horizons Program. Am. Compl. at 6.

A plaintiff may proceed against a DOC official in his official capacity to the extent plaintiff alleges an ongoing constitutional violation. *See Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254-55 (2011) (citing *Ex parte Young*, 209 U.S. 123 (1908)). As Plaintiff has not alleged facts that suggest a plausible ongoing constitutional violation, the Court must dismiss any official capacity claims against Defendant Collette.

### 4. State Law Claims

Because Plaintiff's federal claims are dismissed, the court declines at this time to exercise supplemental subject matter jurisdiction under 28 U.S.C. § 1367 over any state law claims, which are dismissed without prejudice. *See* 28 U.S.C.A. § 1367 ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- ... (3) the district court has dismissed all claims over which it has original jurisdiction[.]").

## IV. ORDERS

For the foregoing reasons, the Amended Complaint is DISMISSED without prejudice for failure to state any plausible federal claims and the Clerk is directed to close this case. Plaintiff's claims are DISMISSED without prejudice to filing a motion to reopen and refiling an amended complaint within 30 days of this Ruling's filing date. The remaining motions [ECF Nos. 9, 10,

11 and 12] are DENIED as moot. Plaintiff must allege specific facts describing any defendants' personal involvement in any constitutional violation. The court advises Plaintiff that any amended complaint will completely replace the prior complaint in the action, and that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

                                                                               /s/
                                                Michael P. Shea
                                                United States District Judge

SO ORDERED at Hartford, Connecticut this 14th day of June, 2021.